IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| ELLY HOWATAE, on behalf of herself and others similarly situated, | ) ) ) |
| Plaintiff, | ) CASE NO. ) ) JUDGE ) |
| v. | ) ) **CLASS AND COLLECTIVE ACTION** ) **COMPLAINT** ) |
| TITAN SENQUEST MANAGEMENT, INC. | ) **JURY DEMAND INCLUDED HEREON** ) |
| Defendant. | ) |

Plaintiff Elly Howatae ("Representative Plaintiff") for her Complaint against Defendant Titan Senquest Management, Inc. alleges as follows:

**INTRODUCTION**

1. This case challenges Defendant's policies and practices that violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219, as well as the Ohio overtime compensation statute, Ohio Rev. Code § 4111.03.

2. Representative Plaintiff brings this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b), which provides that "[a]n action to recover the liability prescribed [by the FLSA] may be maintained against any employer … by any one or more employees for and in behalf of himself or themselves and other employees similarly situated." Plaintiff brings this case on behalf of herself and other "similarly-situated" persons who may join this case pursuant to 29 U.S.C. § 216(b) (the "FLSA Collective").

3. Representative Plaintiff also brings this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of herself and other members of a class of persons who assert factually related claims under Ohio wage-and-hour statutes (the "Ohio Class").

1

## JURISDICTION AND VENUE

4. This Court has jurisdiction over Representative Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

5. This Court has supplemental jurisdiction over Representative Plaintiff's claims under Ohio law because those claims are so related to the FLSA claims as to form part of the same case or controversy.

6. Venue is proper in this judicial District and Division pursuant to 28 U.S.C. §1391(b). A substantial part of the events or omissions giving rise to Representative Plaintiff's collective claims occurred here.

## PARTIES

7. Defendant operates senior living centers in Ohio, California, Missouri, Texas, Michigan, and Pennsylvania. It is a for-profit corporation conducting substantial business in Ohio.

8. Representative Plaintiff is a resident of Ohio who was employed as a nurse in Defendant's Wadsworth, Ohio facility.

9. At all relevant times, Representative Plaintiff and others similarly situated were "employees" within the meaning of the FLSA, 29 U.S.C. § 203(d), and corresponding provisions of Ohio law including the Ohio overtime compensation statute, Ohio Rev. Code § 4111.03.

10. At all relevant times, Defendant was an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d), and corresponding provisions of Ohio law including the Ohio overtime compensation statute, Ohio Rev. Code § 4111.03.

11. At all relevant times, Defendant was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1).

12. At all relevant times, Representative Plaintiff and those similarly situated were

employees engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §§ 206-207.

13. Representative Plaintiff's written consent to join this action is being filed pursuant to 29 U.S.C. § 216(b) and is attached as **Exhibit A**.

## FACTUAL ALLEGATIONS

14. At all relevant times, Representative Plaintiff and other similarly situated employees were routinely required to work more than 40 hours per workweek.

15. Representative Plaintiff and all other similarly situated employees were required to perform their regular work duties during their meal periods without pay.

16. Defendant's failure to pay Representative Plaintiff and other similarly situated employees for work performed during their meal periods resulted in unpaid overtime in violation of the FLSA and Ohio law.

17. Defendant knowingly and willfully failed to pay Representative Plaintiff and other similarly situated employees for performing their regular work duties during their meal periods.

## COLLECTIVE ACTION ALLEGATIONS

18. Representative Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

19. Representative Plaintiff brings this case as a collective action pursuant to 29 U.S.C. § 216(b) on behalf of herself and others similarly situated who have similar claims under the FLSA (the "FLSA Collective"). The FLSA Collective is defined as:

> **All current and former non-exempt hourly healthcare employees (including, but not limited to, LPNs and unlicensed caregivers) within the three years preceding the date of the filing of this Complaint to the present who worked 40 or more hours.**

20. Such persons are "similarly situated" with respect to Defendant's FLSA

violations in that all were non-exempt hourly healthcare employees and all were subjected to and injured by Defendant's unlawful practice of failing to pay its non-exempt hourly healthcare employees for work performed during their meal periods resulting in unpaid overtime. All have the same claims against Defendant for unpaid overtime compensation as well as for liquidated damages, attorneys' fees, and costs.

21. Conditional certification of this case as a collective action pursuant to 29 U.S.C. § 216(b) is proper and necessary so that such persons may be sent a Court-authorized notice informing them of the pendency of this action and giving them the opportunity to "opt in."

22. The persons similarly situated to Representative Plaintiff are readily identifiable through the payroll records Defendant has maintained, and was required to maintain, pursuant to the FLSA and Ohio law. 29 U.S.C. § 211(c) & 29 C.F.R. § 215.2; Ohio Const. art. II, § 34a.

## CLASS ACTION ALLEGATIONS

23. Representative Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

24. Representative Plaintiff also brings this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of herself and others similarly situated who have similar claims under the laws of the State of Ohio (the "Ohio Class"). The Ohio Class is defined as:

> **All current and former non-exempt hourly healthcare employees (including, but not limited to, LPNs and unlicensed caregivers) employed in Ohio within the two years preceding the date of the filing of this Complaint to the present who worked 40 or more hours.**

25. The Ohio Class is so numerous that joinder of all class members is impracticable. The exact number of class members as well as their identities are ascertainable from the payroll records Defendant has maintained, and was required to maintain, pursuant to the FLSA and Ohio law. 29 U.S.C. § 211(c) & 29 C.F.R. § 215.2; Ohio Const. art. II, § 34a.

26. There are questions of law or fact common to the Ohio Class, including but not limited to:

> Did Defendant have a policy or practice of failing to pay their non-exempt hourly healthcare employees for work performed during their meal period?
>
> Did Defendant fail to pay Representative Plaintiff and other Ohio Class members all the overtime pay they were owed?

27. Representative Plaintiff's claims are typical of the claims of other members of the Ohio Class. Representative Plaintiff's claims arise out of the same uniform course of conduct by Defendant, and are based on the same legal theories, as the claims of other class members.

28. Representative Plaintiff will fairly and adequately protect the interests of the Ohio Class. Representative Plaintiff's interests are not antagonistic to, but rather are in unison with, the interests of other class members. Representative Plaintiff's counsel has broad experience in handling class action litigation, including wage-and-hour litigation, and is fully qualified to prosecute the claims of the Ohio Class in this case.

29. The questions of law or fact that are common to the Ohio Class predominate over any questions affecting only individual members. The primary questions that will determine Defendant's liability to the class, listed above, are common to the class, and predominate over any questions affecting only individual class members.

30. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Requiring class members to pursue their claims individually would entail a host of separate suits, with concomitant duplication of costs, attorneys' fees, and demands on court resources. Many class members' claims are sufficiently small that they would be reluctant to incur the substantial cost, expense, and risk of pursuing their claims individually. Certification of this case as a class action pursuant to Fed. R. Civ. P. 23 will enable the issues

to be adjudicated for all class members with the efficiencies of class litigation.

## COUNT ONE
### (FLSA Overtime Violations)

31. Representative Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

32. Representative Plaintiff brings this claim for violation of the FLSA's overtime provisions on behalf of herself and the FLSA Collective members who may join this case pursuant to 29 U.S.C. § 216(b).

33. The FLSA required that Defendant's non-exempt hourly healthcare employees receive overtime compensation when they worked more than 40 hours in a workweek.

34. As hourly non-exempt healthcare employees, Representative Plaintiff and the FLSA Collective members should have been paid overtime compensation at the rate of one and one-half times their regular rate of pay when they worked more than 40 hours in a workweek.

35. Defendant failed to pay the required overtime compensation to Representative Plaintiff and the FLSA Collective Members.

36. At all relevant times, Defendant knew that it was required to pay Representative Plaintiff and the FLSA Collective Members overtime compensation.

37. Defendant willfully violated the FLSA and regulations thereunder that have the force and effect of law.

38. As a result of Defendant's violations of the FLSA, Representative Plaintiff and the FLSA Collective Members were injured in that they did not receive overtime compensation due to them pursuant to the FLSA. They are entitled to an award of "unpaid overtime compensation" as well as "an additional equal amount as liquidated damages." 29 U.S.C. § 216(b). "The court … shall, in addition to any judgment awarded to the Plaintiff or Plaintiff,

allow a reasonable attorney's fee to be paid by the Defendant, and costs of the action." *Id*.

## COUNT TWO
### (Ohio Overtime Violations)

39. Representative Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

40. Representative Plaintiff brings this claim for violation of the Ohio overtime compensation statute, Ohio Rev. Code § 4111.03 on behalf of herself and the Ohio Class members for which certification is sought pursuant to Fed. R. Civ. P. 23.

41. Ohio Rev. Code § 4111.10(A) provides that Defendant, having violated § 4111.03, is "liable to the employee[s] affected for the full amount of the overtime wage rate…and for costs and reasonable attorney's fees as may be allowed by the court."

## PRAYER FOR RELIEF

**WHEREFORE,** Representative Plaintiff, and all similarly situated employees, collectively pray that this Honorable Court:

A. Conditionally certify this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b) and direct that Court-approved notice be issued to the FLSA Collective informing them of this action and enabling them to opt in;

B. Certify this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of Representative Plaintiff and other members of the Ohio Class;

C. Enter judgment against Defendant and in favor of Representative Plaintiff, the FLSA Collective and the Ohio Class;

D. Award compensatory damages to Representative Plaintiff, the FLSA Collective, and the Ohio Class in the amount of their unpaid wages as well as liquidated damages in an equal amount to Representative Plaintiff and the FLSA Collective; and,

  E. Award Representative Plaintiff, the FLSA Collective, and the Ohio Class their costs and attorney's fees incurred in prosecuting this action.

              Respectfully submitted,

              */s/ Hans A. Nilges*
              Hans A. Nilges (0076017)
              7034 Braucher Street, N.W., Suite B
              North Canton, OH 44720
              Telephone: (330) 470-4428
              Facsimile: (330) 754-1430
              Email: hans@ohlaborlaw.com

              Robi J. Baishnab (0086195)
              1360 E. 9th Street, Suite 808
              Cleveland, OH 44114
              Telephone: (216) 230-2955
              Facsimile: (330) 754-1430
              Email: rbaishnab@ohlaborlaw.com

              *Counsel for Representative Plaintiff*

## **JURY DEMAND**

Representative Plaintiff hereby demands a trial by jury on all claims so triable.

*/s/ Hans A. Nilges*

*Counsel for Representative Plaintiff*